NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AVTAR SINGH; SANDEEP KAUR; A. S.; V. S., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 25-2018 <br><br> Agency Nos. <br> A246-601-573 <br> A246-601-574 <br> A246-601-575 <br> A246-601-576 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 10, 2026[**]
San Francisco, California

Before: GOULD, FRIEDLAND, and MILLER, Circuit Judges.

Petitioner Avtar Singh[1] petitions for review of a decision of the Board of

Immigration Appeals ("BIA") dismissing his appeal of the Immigration Judge's

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Singh's wife, Sandeep Kaur, and his two minor children, A.S. and V.S., are derivatives of his asylum claim.

("IJ") denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"We review factual findings, including adverse credibility determinations, for substantial evidence," *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016) (quoting *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014)), and "[u]nder this standard, 'findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Dong v. Garland*, 50 F.4th 1291, 1296 (9th Cir. 2022) (quoting *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020)).

1. Substantial evidence supports the agency's adverse credibility determination. Taking into account the "totality of the circumstances[] and all relevant factors," *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc) (alteration in original) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)), the agency identified several reasons, each supported by evidence in the record, for finding Singh not credible. Specifically, the agency identified four bases for its adverse credibility determination: 1) Singh's indication on his application that he was detained by police in India, which conflicted with his oral testimony that the police never "arrested or detained" him; 2) Singh's unresponsive and evasive demeanor while giving testimony, particularly during cross-examination; 3) irregularities in Singh's medical documents that caused them to appear to be falsified; and 4)

Singh's failure to provide evidence corroborating his claim that he had continued to participate in political activity once in the United States.

Together, the agency's "specific and cogent reasons supporting [its] adverse credibility determination" satisfy the substantial evidence standard. *Shrestha v. Holder*, 590 F.3d 1034, 1042 (9th Cir. 2010). We cannot say that "the evidence that the petitioner presented was 'so compelling that no reasonable factfinder could find that [the petitioner] was not credible.'" *Malkandi v. Holder*, 576 F.3d 906, 917 (9th Cir. 2010) (alteration in original) (quoting *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003)).

2. The agency reasonably concluded that Singh had not demonstrated eligibility for relief through other evidence independent of his own testimony, which the agency rejected for lack of credibility. *See Kalulu v. Bondi*, 128 F.4th 1009, 1023 (9th Cir. 2024), *as amended and superseded on denial of reh'g en banc*. The agency reasonably accorded reduced weight to the third-party letters and affidavits submitted by Singh because they provided minimal details about the attacks Singh allegedly suffered, and Singh did not produce any of the authors as witnesses for cross-examination. *See Garcia v. Holder,* 749 F.3d 785, 791 (9th Cir. 2014) (upholding the agency's determination that corroborating documents were insufficient to rehabilitate an asylum applicant's testimony, in part because

the preparers were not available for cross-examination).

In light of the agency's determination that Singh's testimony lacked credibility and that the other evidence he submitted was insufficient to support his claims, the BIA appropriately concluded that Singh's asylum, withholding of removal, and CAT claims fail. *See Farah*, 348 F.3d at 1156-57.

Petition **DENIED**.[2]

---

[2] The temporary administrative stay of removal is lifted and the motion to stay removal, Docket No. 3, is denied.

25-2018